STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Jacques          }
Tremblay                          }
                                  }    Docket No. 173-10-01 Vtec
                                  }
                                  }


Decision and Order on Motions for Summary Judgment

Appellant Jacques Tremblay appealed from a decision of the Zoning Board of Adjustment
(ZBA) of the Town of Barnard upholding a notice of violation issued by the Town's Zoning
Administrator. Appellant is represented by Paul S. Gillies, Esq.; the Town is represented by
Joseph S. McLean, Esq. Both parties seek summary judgment on questions 1 and 2 of Appellant's
Statement of Questions: 1) whether the Town has jurisdiction to regulate setbacks for farm
structures; and 2) whether § 1.4.3 of the Town's zoning regulations unconstitutionally preempts
state law.

The following facts are undisputed unless otherwise noted.

Appellant owns property in the Rural Residential district subject to a 50-foot front setback from
the centerline of public or private road rights of way. See § 4.3.2. In 1996, Appellant had applied
for a "zone permit" to construct a barn partially within the front setback. The Zoning
Administrator denied that application due to the lack of setback; Appellant did not appeal the
denial. Appellant then applied for a variance from the front setback, which was also denied and
not appealed. The depiction of the proposed barn in the 1996 application did not show any type
of ramp.

Appellant then applied for a permit to construct a barn entirely outside the front setback. That
application was approved and became final. While the parties have not submitted a copy of this
application, they appear to agree that it did not include a depiction of a ramp within the front
setback. Appellant then constructed a barn under this permit, consisting of a structure moved to
the site and placed on an existing barn foundation. Appellant also constructed a roofed ramp with
a roof extending from the main floor of the barn towards the road, which extends 15 feet into the
front setback. Other than the ramp, the barn fully complies with the front setback requirements of
the zoning regulations.

The Zoning Administrator issued a notice of violation dated August 27, 2001 alleging that
Appellant had constructed a portion of the barn "in such a way that it violates the Barnard
setback regulations." Appellant appealed that decision to the ZBA, which upheld the notice of
violation; that denial is the subject of the present appeal.

The present appeal was put on hold while Appellant applied under 24 V.S.A. § 4495 to the Department of Agriculture, Food and Markets for a waiver from the front setback. By written decision dated January 28, 2002, the Department denied Appellant's request.

Appellant argues first that the Town's attempt to enforce its front setback in this case is impermissible under 24 V.S.A. § 4495. That section, entitled "Accepted agricultural and silvicultural practices; exemption from municipal regulation," states as follows:

(a) For purposes of this section, "farm structure" means a building for housing livestock, raising horticultural or agronomic plants, or carrying out other practices associated with agricultural or farming practices, including a silo, as "farming" is defined in section 6001(22) of Title 10, but excludes a dwelling for human habitation.

(b) No plan or bylaw adopted under this chapter shall restrict accepted agricultural or farming practices, or accepted silvicultural practices, including the construction of farm structures, as such practices are defined by the commissioner of agricultural, food and markets or the commissioner of forests, parks, and recreation, respectively, under sections 1021(f) and 1259(f) of Title 10, and section 4810 of Title 6.

(c) A person shall notify a municipality of the intent to build a farm structure, and shall abide by setbacks approved by the commissioner of agriculture, food and markets. No municipal permit for a farm structure shall be required.

Appellant claims that the notice of violation is an invalid attempt under 24 V.S.A. § 4495(c) to require a "municipal permit for a farm structure." Appellant is correct that the portion of the Notice of Violation that alleges that Appellant has "commenced land development . . . without obtaining a permit from the Town as required," is preempted by 24 V.S.A. § 4495(c). However, the Notice of Violation also alleges that Appellant "constructed a portion [of the barn] in such a way that it violates the Barnard setback regulations." This aspect of the alleged violation is for failure to abide by the municipal front setback requirement. Title 24 § 4495 does not entirely exempt farm structures from municipal land use regulation. Rather, it exempts accepted farming practices (including the construction of farm structures) from being restricted under municipal land use regulation, and also exempts farm structures from having to obtain a municipal zoning permit. However, a municipality may continue to regulate farming practices if they go beyond 'accepted farming practices,' such as an odor performance standard violation resulting from animals kept in a manner not constituting an accepted farming practice[1]. And a municipality may hold a farm structure to the setbacks approved for it by the commissioner of agriculture.

In the present case, material facts are in dispute as to a number of issues. Material facts are in dispute or at least have not been provided to the Court as to the construction materials and location of the portion of the ramp extending into the setback. It is possible that an unroofed[2] earthen ramp within the setback would not constitute a 'structure' as defined by the Barnard Zoning Regulations, and therefore would not in any event be subject to the front setback requirement at issue in this case. Material facts are in dispute or at least have not been provided to the Court as to whether a ramp for access to the main floor of a barn is an 'accepted farming

practice,' and whether providing a roof over such a ramp is an ' accepted farming practice' or converts the ramp to a ' farm structure.' Further, material facts are in dispute as to whether the front setback requirement ' restricts' Appellant' s accepted farming practices, or whether access to the ' main floor' of the barn could have been provided by a ramp to a side entrance without implicating construction within the front setback. Summary judgment therefore is DENIED on Question 1 as material facts are in dispute.

Appellant also argues that the ZBA improperly relied on an unconstitutional provision, of its zoning regulations, § 1.4.3, in upholding the notice of violation. The parties did not provide the ZBA' s decision to the Court from which the Court could determine whether the ZBA relied on this provision. However, even if § 1.4.3 were unconstitutional, and even if the ZBA relied on it, those facts should not affect the Court' s consideration of the matter in this <u>de novo</u> appeal.

In any event § 1.4.3 is not unconstitutional on its face. It contains a standard savings clause, but adds somewhat unusual provisions (emphasis added):

If any section or provision of these regulations is held to be unconstitutional or invalid, such decision shall not affect the validity of the regulations as a whole or any part thereof other than that part held to be unconstitutional or invalid. <u>In questions of validity, Vermont law</u> (reference is made to enabling statutes CH 117, Title 24, 4405 through 4412, inclusive) <u>shall control unless Barnard, by due process under the Constitution of the United States can show reasonable cause why the law should be laid aside for the sake of the public health, safety or welfare of the Town.</u>

Appellant argues that § 1.4.3 improperly allows the Town to disregard the zoning enabling act if the Town feels it necessary " for the sake of the public health, safety or welfare of the Town." Appellant argues that the ZBA relied on this section effectively to ' preempt' 24 V.S.A. § 4495 in the present case and thereby uphold an otherwise-invalid notice of violation.

However, on its face, § 1.4.3 merely provides that the state zoning enabling statute controls over the Town' s regulations except if the statute itself is unconstitutional under the federal constitution. Section 1.4.3 is not unconstitutional on its face; if it was applied in an unconstitutional manner by the ZBA, such application is not before the Court in this <u>de novo</u> appeal. Summary judgment is therefore GRANTED in favor of the Town on Question 2 of the Statement of Questions.

Any remaining evidentiary hearing necessary in this appeal is scheduled for the morning of May 14, 2002, at the Windsor District Courthouse in White River Junction, beginning at 9 a.m. Another hearing in an unrelated case is scheduled for 2 p.m. that afternoon. Accordingly, if either party wishes the Court to take a site visit in this matter, it will have to be arranged either for the early morning, or for Judge Wright to take the site visit herself on another day. Please advise the Court as soon as possible if a telephone conference is necessary to discuss this or any other issue in advance of trial.

Done at Barre, Vermont, this 11th day of April, 2002.

_____
Merideth Wright
Environmental Judge


## Footnotes

1. Compare 12 V.S.A. §§5751-53, shielding reasonable agricultural activities from nuisance lawsuits; see, e.g., Coty v. Ramsey Associates, Inc., 149 Vt. 451, 458 n.2 (1988).

2. Prior to the hearing, the parties may wish to discuss whether removal of any roof or roof supports for the portion of the ramp extending into the setback could result in resolution of this appeal.